**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cv370**

| | | |
|---|---|---|
| **DENNIS NOVOTNY, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **MICHAEL CHAPMAN,  et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the plaintiffs' Motion for Temporary

Restraining Order (Doc. No. 3).

In the motion, the plaintiffs seek an order enjoining the defendant from "filing or serving

any copyright infringement complaint, pursuant to the Digital Millennium Copyright Act." (Doc.

No. 3: Motion at 1).  Upon review of the entire record of this case, including the plaintiffs'

verified complaint (Doc. No. 1), the Court finds an insufficient basis for the issuance of an ex

parte temporary restraining order. Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1975);

Commonwealth of Virginia v. Kelly, 29 F. 3d 145, 147 (4th Cir. 1994); Direx Israel, Ltd. v.

Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) .

**IT IS THEREFORE ORDERED** that the plaintiffs' Motion for Temporary Restraining

Order (Doc. No. 3) is **DENIED**.

Also before the Court is the plaintiffs' Motion for Preliminary Injunction (Doc. No. 5).  A

preliminary injunction may not be issued without notice to the adverse party. Fed. R. Civ. P.

65(a)(1).  The Certificate of Service filed by the plaintiffs (Doc. No. 10) fails to establish proper

notice.  According to the delivery confirmation receipt attached to the certificate, the Complaint,

Motion for Preliminary Injunction, and other papers were delivered to the defendant's post office

box. (Doc. No. 10: Certificate at 3).  There is no proof, however, that the defendant actually

retrieved the papers from the post office box.  Therefore, the record fails to establish proper

service under Rule 4(e) of the Federal Rules of Civil Procedure or Rule 4(j)(1)(C) of the North

Carolina Rules of Civil Procedure. <u>Hunter v. Hunter</u>, 317 S.E.2d 910, 912 (N.C. Ct. App. 1984)

(proof of delivery to address is insufficient to establish proof of personal receipt).

 **IT IS THEREFORE FURTHER ORDERED** that the Court will defer hearing

plaintiffs' Motion for Preliminary Injunction until personal service of the defendant is perfected.

 The Clerk is directed to send copies of this Order to the parties.

**Signed: October 5, 2005**

Robert J. Conrad, Jr.
United States District Judge