# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE NO. 3:05cv370

| | |
|---|---|
| DENNIS NOVOTNY, MARK TAYLOR, )<br>DENNIS NOVOTNY and MARK TAYLOR )<br>d/b/a ETV-Plus.com, and ETV-Plus.com, )<br>)<br>      Plaintiffs, )<br>)<br>      vs. )<br>)<br>MICHAEL CHAPMAN, MICHAEL CHAPMAN )<br>d/b/a F-V Productions, FV Productions, )<br>CUTSCUTS.COM, PHC, Progressive Hair )<br>Club, and/or Value Video, and F-V )<br>Productions, FV Productions, )<br>CUTSCUTS.COM, PHC, Progressive Hair )<br>Club, and/or Value Video, )<br>)<br>      Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the motion for pre-trial direction, filed March 5, 2007, and motion for action on the part of the Defendant, filed June 13, 2007.

It is first noted that the caption of the complaint, as styled by the Plaintiff, contains the names of some of the Defendants twice. The Court presumes this is a mistake and the caption will be corrected.

Plaintiff Dennis Novotny has named Mark Taylor as a plaintiff. However, the complaint has not been signed by Taylor.[1] ***Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533 (1991) (citing Federal Rule of Civil Procedure 11 which provides that when a party is proceeding *pro se*, the unrepresented party must sign the pleadings).** Novotny, who appears in a *pro se* status and who is not an attorney, may not represent Taylor. "While [28 U.S.C. §1654] allows [Novotny] to prosecute his own actions *in propria persona*, that right is personal to him, and absent some other statutory authorization, [Novotny] has no authority to prosecute an action in federal court on behalf of others than himself." ***Stoner v. Santa Clara County Office of Education*, __ F.3d __ 2007 WL 2556936 (9th Cir. 2007); *Myers v. Loudoun County Public Schools*, 418 F.3d 395 (4th Cir. 2005); *Navin v. Park Ridge Sch. Dist.,* 270 F.3d 1147, 1149 (7th Cir. 2001) (stating *pro se* litigants lack authority to represent the interests of other parties).** Since Taylor has not appeared in the action as a plaintiff, he will be dismissed.

---

[1]Taylor did sign an affidavit which Novotny submitted in support of his motion for a temporary restraining order. **Affidavit of Mark Taylor, filed April 7, 2006.** And, in that affidavit, Taylor refers to himself as "one of the plaintiffs." However, he did not sign the complaint and has not appeared in the action in any other pleading. While he may represent himself in a *pro se* capacity, he may not rely on Novotny for representation.

Moreover, Novotny names businesses as plaintiffs and apparently seeks to act on their behalf.  However, "28 U.S.C. §1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." ***Rowland v. California Men's Colony***, 506 U.S. 194, 202 (1993); ***Eagle Associates v. Bank of Montreal***, 926 F.2d 1305 (2nd Cir. 1991) **(partnership);** ***Taylor v. Knapp***, **871 F.2d 803 (9th Cir. 1989) (nonprofit corporation).**  As a result, the Court will *sua sponte* dismiss these plaintiffs from the action.

Although Novotny names business entities as defendants in the caption of the complaint, the only relief sought is against Michael Chapman individually.  Nor has Novotny filed proof of service as to any business entity, only as to Chapman individually.  And, Chapman has filed an answer to the complaint in a *pro se* capacity for himself.  Just as Novotny may not represent business entities, Chapman as well may not represent business entities, even though he may be the owner thereof.  Thus, the business entity defendants will be dismissed.

On December 26, 2006, Hon. Robert J. Conrad issued an Order to Show Cause why the case should not be dismissed for failure to prosecute.  Novotny was required to respond to the Order on or before

January 23, 2006.  He failed to do so.

On March 5, 2007, Novotny filed a "Motion for Pre-Trial Direction" in which he asked that his case not be dismissed for failure to prosecute, *albeit* the deadline for responding to the Order to Show Cause expired on January 23, 2007.  Moreover, there is no certificate of service showing that Novotny served Chapman with the motion.  In an affidavit filed March 5, 2007, Novotny averred that he had sent mail to Chapman in September 2006 which was not returned as undeliverable.  Thus, it appears that in the past Novotny has been able to serve pleadings on Chapman.  No excuse was provided for Novotny's failure to serve the motion on Chapman.  Not surprisingly, Chapman did not respond to the motion.  Because Novotny failed to provide a certificate of service, the motion is denied.

On June 13, 2007, Novotny filed a "Motion for Action on the Part of the Defendant" in which he claimed to have served a copy of the motion on Chapman but again failed to provide a certificate of service.

The Court has reviewed the complaint and the answer of Chapman and has scheduled a status conference for November 20, 2007 in Charlotte.  The parties have been provided notice of that conference.  At that time, the Court intends to address the following issues: (1) whether Novotny has timely and adequately responded to the Order to Show Cause

why the case should not be dismissed for failure to prosecute; (2) whether the case should be dismissed as frivolous; and/or (3) if not dismissed, whether a pre-trial order and case management plan should be entered in the action with deadlines specified therein for discovery, motions, mediation and trial. The failure of either Novotny or Chapman to appear at the status conference will result in the entry of adverse rulings against either or both.

**IT IS, THEREFORE, ORDERED** that Mark Taylor is hereby **DISMISSED** from the action;

**IT IS FURTHER ORDERED** that ETV-Plus.com, and ETV-Plus.com are hereby **DISMISSED** from the action;

**IT IS FURTHER ORDERED** that F-V Productions, FV Productions, CUTSCUTS.COM, PHC, Progressive Hair Club, and/or Value Video are hereby **DISMISSED** from the action;

**IT IS FURTHER ORDERED** that Novotny's "Motion for Pre-Trial Direction," filed March 5, 2007 is hereby **DENIED** for failure to provide a certificate of service;

**IT IS FURTHER ORDERED** that Novotny's "Motion for Action on the Part of the Defendant," filed July 13, 2007, is hereby **DENIED** for failure to provide a certificate of service; and

**IT IS FURTHER ORDERED** that Novotny and Chapman shall attend the status conference scheduled for November 20, 2007 or face adverse rulings in the action.

Signed: November 2, 2007

Martin Reidinger
United States District Judge