# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05cv370

| | |
|---|---|
| DENNIS NOVOTNY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL CHAPMAN, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** came before the Court for a status conference on November 20, 2007.

During the conference, the parties were advised that the case will be scheduled for trial during the February 2008 term of Court. The Defendant advised the Court that he intends to retain counsel. However, the parties are placed on notice that no continuance of the trial will be granted due to the appearance in the action of counsel for either party. The parties are strongly urged to mediate this matter; however, no continuance of the trial will be granted in order to allow for mediation. Therefore, any mediation must occur forthwith.

The Court enters the following Order concerning the conduct of the trial and trial procedures:

A. TRIAL SUBPOENAS: The parties must subpoena all witnesses <u>at least ten (10) days</u> before the day on which the Clerk of Court has set the case for trial. The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

B. THE PARTIES' DUTIES PRIOR TO TRIAL: <u>Either one week before the Trial Date or at the final pretrial conference</u>, which ever is earlier, the parties shall:

   (i) Discuss the possibility of a settlement;

   (ii) Exchange copies of exhibits or permit inspection if copying is impractical;

   (iii) Number and become acquainted with all exhibits;

   (iv) Agree upon the issues, reduce them to writing and file them with the Court. If the parties cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court;

   (v) Agree upon stipulations of fact and file them with the Court.

The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

C. PROPOSED JURY INSTRUCTIONS: There is no jury demand in this action. Therefore, the trial will occur before the Court.

D. THE PARTIES' PRE-TRIAL FILINGS: The parties are to file the following with the Court:

(i) No later than **fourteen (14) days** prior to the Final Pre-Trial Conference, each party shall file any motions *in limine.* Responses to any such motions must be filed no later than **seven (7) days** prior to the Final Pre-Trial Conference. For the purposes of this provision, Daubert[1] motions are to be considered motions *in limine*.

(ii) No later than one (1) week before the first day of the term of Court in which this matter is set for trial, or the final Pre-Trial Conference, whichever is earlier, the parties shall file with the Court:

(a) The issues and stipulations as called for above;

(b) A trial brief addressing all questions of law and any anticipated evidentiary issues. Such trial brief shall not

---

[1]Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

exceed 25 pages and shall be double spaced and in at least 14 point type; and

    (c) **Submit proposed Findings of Fact and Conclusions of Law**.

(iii) No later than **the morning of the day on which the trial is scheduled to begin**, each party shall file the following documents with the Clerk of Court and provide a hard copy to the presiding judge or his courtroom clerk:

    (a) A witness list containing the name of every proposed witness;

    (b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

    (c) Stipulations concerning the authenticity and admissibility of as many proposed exhibits as possible; and

    (d) An exhibit list.

E. EXHIBIT NOTEBOOKS: If any party intends to tender more than fifteen (15) documentary exhibits, that party shall prepare <u>four (4) identical exhibit notebooks</u>, or sets of exhibit notebooks. Each

exhibit notebook, or set of exhibit notebooks, shall contain an index of the exhibits and a copy of each exhibit.  The parties shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks.  Four (4) identical exhibit notebooks, or sets of exhibit notebooks, are necessary so that the witness and Court personnel each have an exhibit notebook, or set of exhibit notebooks.

F. FORMAT FOR EXHIBIT LIST: In preparing the exhibit list, the parties shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

Exhibit #

Description

_____ Stipulation of Authenticity

_____ Stipulation of Admissibility

_____ Objection

_____ Identified by

_____ Admitted

It is not necessary for the parties to make entries in either the "Identified by" column or the "Admitted" column. The parties should only enter "Yes" or "No" for each exhibit in the columns regarding the stipulations of authenticity and admissibility.

G. SANCTIONS FOR THE PARTIES' FAILURE TO MEET DEADLINE FOR FILING: If any party fails to comply timely, the Court <u>may</u> impose sanctions, including but not limited to, a $50.00 per day fine assessed against that party.

H. To the extent that any provision of the local rules conflict with this Order, this Order shall govern. This Order is subject to modification only by Order of this Court and may not be modified by agreements among the parties.

With the exception of the pleadings identified herein, the parties are hereby ordered that no further filings may be made in connection with this matter without prior leave of the Court. Such leave should not be sought absent extraordinary circumstances.

**IT IS, THEREFORE, ORDERED** that the parties shall comply with the terms and provisions of this Order.

**IT IS FURTHER ORDERED** that this matter be scheduled for trial during the February 11, 2008 term of Court.

Signed: November 30, 2007

Martin Reidinger
United States District Judge