**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:05cv370**


| | | |
|---|---|---|
| **DENNIS NOVOTNY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **MICHAEL CHAPMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |


**THIS MATTER** is before the Court on the Plaintiff's pleading

captioned "Amended Stipulation for Dismissal," filed February 13, 2008.

Attached to the document are two additional filings captioned "Affidavit for

Plaintiff's Amended Stipulation for Dismissal" and "Plaintiff (*sic*) Proposed

Terms of Settlement which Further Defines the Amended Stipulation of

Dismissal Filed in lieu of and a Replacement for Any and All Prior

Stipulation Document(s)," both filed on February 13, 2008.

By previous court order, the parties were instructed to either file a

stipulation of dismissal or be prepared to proceed with the trial of the

case. That order was entered after representations by the parties that they had settled the action but required additional time within which to file the stipulation of dismissal. The documents filed by the Plaintiff on February 13, 2008 clearly showed that the matter has not been settled since the Defendant had not signed the amended stipulation of dismissal. Out of an abundance of caution, the undersigned instructed a member of his staff to telephone the Defendant and inquire whether he intended to sign the amended stipulation of dismissal. The Defendant advised that staff member on February 14, 2008 that he would not sign the document.

It is clear that this case, which is now two and one-half years old, is not settled. The Plaintiff has made many claims of serious, life-threatening illness. He has not produced a sworn physician's report to the effect that he is physically unable to appear for the trial of his case. In fact, the Plaintiff has presented no admissible evidence on which this Court could base a finding concerning any of Plaintiff's claimed medical issues. It is troubling when Plaintiff makes a filing claiming he is in renal failure and then attaches only an unsworn letter from a health care provider stating that Plaintiff underwent a dialasis treatment. It is clear that the Plaintiff wants to keep the action alive without actively prosecuting it.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with ... a court order, a defendant may move to dismiss the action[.]" The Court finds that the Plaintiff, who appears *pro se* and is personally responsible for his conduct, has a history of failing to prosecute the action. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), *cert. denied* 493 U.S. 1084, 110 S.Ct. 1145 (1990). The prolonging of this action is obviously prejudicial to the Defendant. *Id*. Moreover, the Plaintiff has been repeatedly warned that continued procrastination would not be tolerated. *Id*. It thus does not appear that a less drastic sanction than dismissal with prejudice would be meaningful. *Id*.

The Court hereby provides "clear and explicit" warning to the Plaintiff of the consequences of his failure to appear for the prosecution of this action. Choice Hotels Int'l, Inc. v. Goodwin and Boone, 11 F.3d 469, 472 (4th Cir. 1993). This matter has been calendared for trial in the February 11, 2008, trial term for a substantial period of time. The parties were notified of this setting in November, 2007, if not earlier. Since that time the parties have repeatedly represented to the Court that this matter is settled. At the final pre-trial conference the parties were instructed that if they did not file the stipulation of dismissal promised by the settlement by

Friday, February 15, 2008, that this matter would be called for trial during the week of February 19, 2008, among the non-jury matters. Plaintiff did not choose to appear at the final pre-trial conference, further manifesting his dilatory approach. The Court communicated the above deadline to Plaintiff, and Defendant represents o the Court that he has reiterated this information to Plaintiff.

The parties are instructed to appear in Court on Tuesday, February 19, 2008 at 10:45 a.m. Failure of the Plaintiff to appear in court will result in the dismissal of this action with prejudice for failure to prosecute and to comply with this Court's Orders.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's pleadings are construed as a motion to dismiss without prejudice and as so construed are hereby **DENIED**.

**IT IS FURTHER ORDERED** that the parties are to appear in court at the United States Courthouse in Charlotte, North Carolina on Tuesday, February 19, 2008 at 10:45 a.m. to proceed with the prosecution of this case.

**IT IS FURTHER ORDERED** Plaintiff is hereby placed on notice that his failure to appear in court for the prosecution of this action and in compliance with this Order will result in the immediate dismissal with prejudice of this action.

The Clerk of Court is instructed to serve this Order on each of the parties by overnight express mail, return receipt requested and by regular mail.

Signed: February 14, 2008

Martin Reidinger
United States District Judge