# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05cv370

| | |
|---|---|
| **DENNIS NOVOTNY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **MICHAEL CHAPMAN,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** came before the Court for trial on Tuesday, February 19, 2008 at 10:45 a.m. The Plaintiff failed to appear in Court to prosecute his action.

On October 24, 2007, the parties were notified that a status conference would be held in this matter on November 20, 2007 in Charlotte, North Carolina. Order, filed October 24, 2007. By Order entered November 5, 2007, all claims of all Plaintiffs except Dennis Novotny were dismissed without prejudice and the remaining parties were ordered to attend the status conference on November 20, 2007. Order,

1

filed November 5, 2007. Two days later, the Plaintiff moved for leave to attend the status conference "telephonically." Motion for Expedited Request, filed November 7, 2007. That request was denied with the following warning:

> The Court does not find that Novotny has stated a sufficient reason to conduct the conference by telephone. Novotny is hereby warned that pursuant to this Court's inherent authority and Federal Rule of Civil Procedure 41, his absence may result in the dismissal of this action.

Order, filed November 13, 2007, at 2. The Plaintiff appeared at the status conference and was told by the Court at that time that the case would be called for trial during the February 2008 term of Court. That oral directive was followed by a written order in which the parties, both of whom appeared *pro se*, were further warned that "no continuance of the trial will be granted" due to the filing of a notice of appearance by an attorney or a pending mediation date. Order, filed November 30, 2007.

In early January 2008, the Defendant contacted chambers to advise that the parties had settled the case. This contact was memorialized by Order and the parties were once again warned that

> unless the parties file[] a stipulation of dismissal *with* prejudice of this action, signed by both Plaintiff and Defendant, on or before January 28, 2008, it will be necessary for each of the parties to appear at the final pre-trial conference scheduled for January 31, 2008. This Order

is being entered so that the parties are clear as to their obligations to the Court and to provide the Plaintiff with notice of the information given to Mr. Chapman.

Order, filed January 7, 2008, at 1-2 (emphasis provided). This Order was served by certified mail.

On January 23, 2008, another Order was filed warning the parties that they must attend the final pre-trial conference on January 31, 2008 if a stipulation of dismissal with prejudice was not timely filed on or before January 28, 2008. Order, filed January 23, 2008. That Order was sent by regular mail as well as by certified mail. January 28, 2008 passed and no stipulation of dismissal with prejudice was filed.

On January 30, 2008, the Plaintiff filed what he purported to be a "joint motion" requesting an extension of time within which to file the stipulation of dismissal. Joint Motion, filed January 30, 2008. The motion was not signed by the Defendant. The Plaintiff did not appear at the final pre-trial conference held on January 31, 2008; however, the Defendant did so appear and requested additional time to file a stipulation of dismissal with prejudice. The next day, the undersigned once again warned the parties:

> The Court notes that this matter has been announced to the Court as settled on numerous occasions, including at the final pre-trial

> conference. The Court further notes that rather than memorializing their settlement and filing a stipulation of dismissal the parties chose to file a lengthy joint motion to extend the deadlines for filing such stipulation of dismissal. In that motion, the Plaintiff refers to certain medical issues, but presents no evidence to support such assertions. As such, there is no basis on which the Court can continue this matter from the February 11, 2008 trial term.

Order, filed February 1, 2008, at 1-2. By that February 1, 2008, Order the parties were, in fact, given additional time to file their dismissal, wherein they were told to file a stipulation of dismissal on or before February 15, 2008 or to be prepared to appear in Court on February 19, 2008, for trial. Once again, the Order was served by regular and certified mail. In addition to this order, the Clerk of Court notified the parties by regular and certified mail that trial would commence February 19, 2008 at 10:45 a.m.

On February 13, 2008, the Plaintiff filed a document which he claimed was an "Amended Stipulation of Dismissal." Amended Stipulation of Dismissal, filed February 13, 2008. It was not signed by the Defendant. On February 15, 2008, the Court entered an order providing in pertinent part as follows:

> By previous court order, the parties were instructed to either file a stipulation of dismissal or be prepared to proceed with the trial of the case. That order was entered after representations by the parties that they had settled the action but required additional time within which to file the stipulation of dismissal. The documents filed by the Plaintiff on February 13, 2008 clearly showed that the matter has not

4

been settled since the Defendant had not signed the amended stipulation of dismissal. Out of an abundance of caution, the undersigned instructed a member of his staff to telephone the Defendant and inquire whether he intended to sign the amended stipulation of dismissal. The Defendant advised that staff member on February 14, 2008 that he would not sign the document.

It is clear that this case, which is now two and one-half years old, is not settled. The Plaintiff has made many claims of serious, life-threatening illness. He has not produced a sworn physician's report to the effect that he is physically unable to appear for the trial of his case. In fact, the Plaintiff has presented no admissible evidence on which this Court could base a finding concerning any of Plaintiff's claimed medical issues. It is troubling when Plaintiff makes a filing claiming he is in renal failure and then attaches only an unsworn letter from a health care provider stating that Plaintiff underwent a dialysis treatment. It is clear that the Plaintiff wants to keep the action alive without actively prosecuting it. Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with ... a court order, a defendant may move to dismiss the action[.]" The Court finds that the Plaintiff, who appears *pro se* and is personally responsible for his conduct, has a history of failing to prosecute the action. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), *cert. denied* 493 U.S. 1084, 110 S.Ct. 1145 (1990). The prolonging of this action is obviously prejudicial to the Defendant. *Id*. Moreover, the Plaintiff has been repeatedly warned that continued procrastination would not be tolerated. *Id*. It thus does not appear that a less drastic sanction than dismissal with prejudice would be meaningful. *Id*.

The Court hereby provides "clear and explicit" warning to the Plaintiff of the consequences of his failure to appear for the prosecution of this action. Choice Hotels Int'l, Inc. v. Goodwin and Boone, 11 F.3d 469, 472 (4th Cir. 1993). This matter has been calendared for trial in the February 11, 2008, trial term for a substantial period of time. The parties were notified of this setting in November, 2007, if not earlier. Since that time the parties have repeatedly represented to the Court that this matter is settled. At the final pre-trial conference the parties

> were instructed that if they did not file the stipulation of dismissal promised by the settlement by Friday, February 15, 2008, that this matter would be called for trial during the week of February 19, 2008, among the non-jury matters. Plaintiff did not choose to appear at the final pre-trial conference, further manifesting his dilatory approach. The Court communicated the above deadline to Plaintiff, and Defendant represents to the Court that he has reiterated this information to Plaintiff.
>
> The parties are instructed to appear in Court on Tuesday, February 19, 2008 at 10:45 a.m. Failure of the Plaintiff to appear in court will result in the dismissal of this action with prejudice for failure to prosecute and to comply with this Court's Orders.

<u>Order</u>, filed February 15, 2008, at 1-5. This Order was served on the parties by regular and certified mail.

The case was called for trial on Tuesday, February 19, 2008 at 10:45 a.m. Although filings made and documents sent *via* facsimile show that Plaintiff was well aware of the trial setting, he did not appear. One of the documents which he sent *via* facsimile to the Clerk of Court approximately thirty minutes before the time the case was set to be called for trial was a document (unsworn) purportedly signed by a physician in which it was stated that the Plaintiff requires dialysis three times a week and "is unable to travel without prior arrangement." Plaintiff, however, provided the Court with nothing indicating that he is unable to travel and he had been provided with ample notice that travel, and arrangements for travel, would be

6

necessary. The case having been duly set for trial and called for trial, and the Marshall having called out the Plaintiff to prosecute this action, and the Plaintiff having failed to appear to prosecute the action despite repeated warnings, this action was dismissed.

**IT IS, THEREFORE, ORDERED** that this action is hereby **DISMISSED** with prejudice.

Martin Reidinger
United States District Judge

Signed: February 22, 2008